JOHN KERBY, Respondent, *v.* KIERAN B. DALY, Appellant.

A mechanic's lien can only cover labor performed and materials furnished by the party claiming it, including labor performed by persons employed by him and materials purchased by him on his own credit and used in the construction; but it does not extend to materials or labor (although actually paid for by the claimant) procured by him as the agent for the defendant, and in his name and on his credit.

Accordingly, where it is found that the plaintiff, the claimant of a mechanic's lien against the defendant, had made a special contract, for and in behalf of the defendant, with a third party to do certain work on the building, and had subsequently paid the whole sum due under such contract.—*Held*, that the sum so paid could not be included in the plaintiff's lien upon the premises.

(Argued December 21st, 1870; decided March 21st, 1871.)

APPEAL from the judgment of the General Term of the Supreme Court, of the Second judicial district, affirming a judgment for the plaintiff entered upon the report of a referee.

The action was brought to foreclose a mechanic's lien for $8,743, part of a balance claimed by plaintiff to be due for work, labor and materials furnished by him in the erection of certain buildings for defendant. The defendant claimed that the work and materials were furnished in pursuance of a special contract, but the referee found otherwise. There was

included in the recovery by the referee a bill of $1,511.06 for slating and tinning by one Dugan, the facts and finding as to which are sufficiently stated in the opinion.

*W. F. Shepard,* with *Odle Close,* counsel for appellant.

*Mills & Cochran,* with *J. O. Dykeman,* counsel for respondent.

RAPALLO, J. The plaintiff was entitled to a lien only for labor performed and materials furnished by him. These, of course, include labor performed by persons employed by him, and materials purchased by him on his own credit and used in the construction. But he could not include in his lien materials or labor procured by him as the agent for the defendant, and in his name and on his credit. For these the defendant was liable directly to the party performing the labor and furnishing the materials, and the plaintiff could not, by afterward voluntarily paying for such labor and materials, acquire a lien therefor on the defendant's building.

As to most of the items of materials, etc., in dispute, the plaintiff testifies that he bought them in his own name; but he declines so to testify in relation to the bill of John Dugan for slating, etc. He says that he made a contract with Dugan, but that he cannot say whether he made it in his own name or not. He says that he afterward told the defendant that he had certified Dugan's bill for the slating, and that Dugan would come to him (defendant) for the money, and that he (defendant) had to pay for it. Dugan says that he made the contract with plaintiff for the defendant; that when he made the arrangement he did not understand that the plaintiff was personally liable, but that the defendant was; that he made out his bill against the defendant as for work done for him and the plaintiff certified it as correct.

The referee finds that the plaintiff made a special contract for and on behalf of the defendant with Dugan for the slating of the roofs, for an agreed price of $1,511.07; that the plain-

tiff had paid to Dugan the whole of said sum, and that it is included in the plaintiff's lien and recovery in this action.

A specific exception is taken by the defendant to the allowance of this item.

There are some questions as to the evidence of this payment by the plaintiff to Dugan, which it is not necessary now to examine. The plaintiff could not, by paying Dugan's bill, acquire a lien for the amount so paid. No reason is shown why he should have paid it, except his subsequent promise, testified to by Dugan. The appellant's exception to this item must be sustained.

The other questions raised by the appellant relate to facts found by the referee. There being conflicting evidence on the points in dispute, the findings of the referee cannot be reviewed on this appeal.

The judgment should be reversed, and a new trial ordered, with costs to abide the event, unless the plaintiff shall, by stipulation, within thirty days, deduct from the judgment entered August 6, 1867, the sum of $1,511.07, with interest from May 4, 1867, amounting together to the sum of $1,538.04. In case he shall so stipulate, the judgment is affirmed as to the residue, without costs to either party on this appeal.

All the judges concurring,

Ordered accordingly.